RECEIVED
JUN 2 3 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| KERN BROUSSARD, ET AL | CIVIL ACTION NO. 04-1755 |
| VERSUS | JUDGE DOHERTY |
| TEXAS PETROLEUM INVESTMENT COMPANY, ET AL | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Presently pending before this Court are a multitude of motions filed by the defendants. The plaintiffs have moved for remand of this matter to state court, as well as for dismissal of their claims without prejudice. The latter motion would terminate this litigation and permit the plaintiffs to proceed with litigating identical claims in a parallel proceeding in Vermilion Parish, Louisiana. The motion to dismiss without prejudice is opposed by several of the defendants. For the following reasons, the motion to dismiss will be granted.

This matter was initially filed in the Fifteenth Judicial District Court for the Parish of Vermilion, State of Louisiana, on August 6, 2004. The matter was removed by Rodney Lemaire, Plains Pipeline LP, Texaco Exploration & Production, Inc. and Texas Petroleum Investment Company on or about August 20, 2004. In a timely manner, the plaintiffs moved for remand and the defendants filed motions seeking a more definite statement, dismissal of the plaintiffs' claims, an extended stay of this matter, severance of some claims, as well as other forms of relief.

As required by the local rules, this Court received notice that another proceeding, perhaps presenting parallel or overlapping claims, had been filed by the plaintiffs and was pending in the

Civil District Court for the Parish of Orleans. During a telephone status conference for the purpose of ascertaining the nature and scope of the state court proceeding, the plaintiffs informed the Court that they, and their current counsel, were moving to assert, in the Orleans Parish matter, all of the claims that had been asserted in the case at bar. Based upon the plaintiffs' declared intention to combine all of their claims against the named defendants into one action, this Court stayed the instant matter to permit them an opportunity to do so. While the process took longer than expected, the plaintiffs have now filed their Motion to Dismiss Without Prejudice [Doc. 69]. As the resolution of the plaintiffs' motion has potential to moot the remainder of the issues presented by motion, at least as to this case, this Court will consider the plaintiffs' motion first.

The Federal Rules of Civil Procedure establish a district court's authority to dismiss a matter without prejudice. "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed. R. Civ. Proc. 41(a)(2). Motions to dismiss without prejudice should be granted freely unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002). "Plain legal prejudice" involves something more than the mere prospect of incurring additional expense in relitigating issues in another forum, and involves consideration of factors such as: (a) the defendant's effort and the expense involved in preparing for trial, (b) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (c) insufficient explanation of the need to take a dismissal, and (d) the fact that a motion for summary judgment has been filed by the defendant. Id. at 318 n.3. The primary purpose served by Rule 41(a)(2) is to "prevent voluntary dismissals which *unfairly* affect the other side, and to

permit the imposition of curative conditions." Id. at 317 (emphasis added).

Under Elbaor, the plaintiffs' motion to dismiss must be granted by this Court unless plain legal prejudice would accrue to the defendants from such a dismissal. Considering the factors identified by Elbaor, this Court finds that there is no basis for finding that legal prejudice would result. Three of the factors seek to protect a defendant who has poured considerable effort into discovery and trial preparation from having a nearly-won case dismissed so that the plaintiff can avoid a likely loss. None of those factors is implicated herein due to the stay of proceedings entered by this Court in October, 2004; to the contrary, no party has expended extensive unnecessary litigation expenses, for trial or otherwise, in this case due to the plaintiffs' early declaration of their intention to combine both cases into one litigation and this Court's subsequent decision to stay all proceedings temporarily. Moreover, the final factor this Court must consider – the sufficiency of the plaintiffs' explanation for seeking dismissal of this matter – favors dismissal, as well. The plaintiffs claim that they were unaware their prior counsel had filed suit in Orleans Parish (a failure to communicate which allegedly played a role in their decision to change counsel) and that they prefer to proceed in the first-filed matter rather than the instant one. This explanation is not inherently suspect or patently unreasonable, and the defendants have not in any way challenged the explanation.

Several defendants have attempted to identify other grounds for finding that the requested dismissal would *unfairly* affect their interests, but this Court finds them unpersuasive. First, the defendants argue that the motion should be denied because it was not filed in a timely manner. It is true that the plaintiffs' motion was filed two weeks after the stay was lifted in this matter. However, this Court finds no reason to believe that the plaintiffs unduly delayed their request for dismissal. After the Orleans Parish matter came to the attention of this Court, the plaintiffs elected

to attempt to proceed in that matter (which was the first filed on their behalf). This Court stayed this action to permit the plaintiffs to proceed. While the plaintiffs did not complete their efforts within the time frame established by this Court, the plaintiffs' motion nonetheless was filed two weeks after the stay was lifted. The delay (a total of 3 months) is not *per se* unreasonable, nor have the defendants demonstrated that the plaintiffs failed to proceed in the Orleans Parish matter with due diligence.

Second, one defendant declares that it intends to seek a dismissal of the plaintiffs' claims on the basis of a bankruptcy discharge issued in favor of its predecessor in interest and argues that the Fifteenth Judicial District Court cannot be, or is not, expected properly to enforce the bankruptcy discharge. This suggestion is made without factual or legal support for the premise that the Fifteenth Judicial District bench is either incapable or unwilling properly to enforce federal bankruptcy protections resulting from discharged obligations, nor does this Court intend to presume such a lack of understanding or ability.

Third, the suggestion was made by several defendants that the Court should not reward the plaintiffs' forum shopping by granting the dismissal of this matter so as to allow them to proceed in state court. Within the very same briefing cycle, however, other defendants argue that they will suffer "plain legal prejudice" through the loss of a federal forum, thus invoking forum shopping as a legally-cognizable interest that the court should protect. As any equities that might exist in favor of, or against, forum shopping would seem to be equally distributed among plaintiffs and defendants, the suggestion is rejected that the requested dismissal should be denied on the basis of forum shopping.

Finally, Shell Pipeline suggests argues that it will incur legal prejudice as a result of the

"application of Louisiana state court procedural rules relating to injunctions and spoliation of evidence involving real property, as compared to the Federal Rules which have been implemented in this case. Properly applied, application of the federal procedural rules would avert Plaintiffs' prevention of appropriate remediation activities when they are due."[1] Shell has not identified the specific Louisiana and/or federal procedural provisions to which this argument alludes, nor has it explained in any way the specific prejudice it expects will result from being deprived of the protection of federal procedural rules relating to injunctions and spoliation of evidence. As Shell has not supplied sufficient information for this Court to evaluate its argument, this Court finds there is no evidence that granting the plaintiffs' motion will actual result in plain legal prejudice.

In this case, the plaintiffs have two lawsuits proceeding simultaneously, one in federal court and the other in state court. They claim that their prior counsel filed the first (which is pending in the Fifteenth Judicial District Court for Vermilion Parish, Louisiana) without informing them that it had been filed and that the inadequate communication with prior counsel led to the filing of the instant litigation (which was the second to be filed). Irrespective of whether the plaintiffs' instant claims are dismissed as they request, the state court litigation will proceed unless the defendants are able to convince the state court to stay that matter – an outcome no defendant has suggested is likely nor even that they plan to pursue. Thus, aside from having no demonstrated prejudicial effect on the defendants' interests, terminating this action will have the benefit of preserving judicial resources as well as eliminating the redundant costs which inevitably result from litigating the very same set of claims in two separate courts.

For the foregoing reasons, this Court finds that the defendants have not demonstrated the

---

[1] Shell Pipeline's Opposition to Plaintiffs' Motion to Dismiss, at 3.

-5-

existence of any legal prejudice that should result in the denial of the plaintiffs' motion to dismiss without prejudice. The plaintiffs' motion [Doc. 69] shall be granted and their claims asserted herein dismissed without prejudice.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___ day of June, 2005.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE